IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCES A. KELLEY, Ph.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARLOW UNIVERSITY, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | 2:23-CV-02085-RJC |

**CASE MANAGEMENT ORDER**

IT IS HEREBY ORDERED that this action is placed under Local Rule 16.1 for pretrial proceedings and all provisions of the Rule will be strictly enforced. Pursuant to Local Rule 16.1, the parties are directed as follows:

1. The parties shall move to amend the pleadings or add new parties by **July 3, 2024**.

2. The parties shall complete fact discovery by **December 2, 2024**. All interrogatories, depositions and requests for admissions and/or production of documents shall be served within sufficient time to allow responses to be completed prior to the close of fact discovery.

3. The parties shall set deadlines for Plaintiff's Expert Reports, Defendant's Expert Reports, and depositions of all experts at the post-discovery status conference.

4. The parties shall complete the ADR process they selected by **August 30, 2024**. Discovery is **NOT** stayed pending ADR.

5. If a discovery dispute occurs, prior to filing any discovery motions, the parties shall first meet and confer in an attempt to resolve the dispute.  If the matter is still unresolved after

    meeting and conferring, then the parties shall jointly contact Chambers for purposes of scheduling a telephone conference with the Court.

6. The parties have elected to have the Court separately enter the Model Order located in the Appendix to LCvR 16.1.D relating to the protections of Federal Rule of Evidence 502(d).

7. The Court will conduct a telephonic post-discovery status conference on **December 9, 2024** at **9:30 a.m.** Lead trial counsel shall attend, and the court will inform counsel if attendance by the parties is necessary. The Court has begun conducting this conference by telephone as a matter of course, but any party may request that the conference take place in person. Further, to the extent the parties believe that paper submissions will suffice and that a telephone conference is unnecessary, they may contact Chambers via email or telephone call to inform the Court of the same. The Court notes that typical topics for discussion at the post-discovery status conference include the scheduling of expert discovery deadlines, the scheduling of dispositive motions deadlines, further ADR efforts of the parties, and, if all discovery is complete and no party intends to file dispositive motions or believes that further ADR efforts would prove worthwhile, the scheduling of pretrial deadlines and trial. Any paper submission submitted in lieu of a post-discovery status conference should address such topics. To the extent the parties elect to pursue a conference, at least five (5) business days prior to the post-discovery status conference, the parties shall file on the docket an updated joint pre-conference statement. *See* Hon. Robert J. Colville Practices and Procedures, III.A.2. Any party may supplement the joint pre-conference statement with an individually filed voluntary position statement. *See* Hon. Robert J. Colville Practices and Procedures, III.A.3.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to all case management, status or pretrial conferences to obtain authority to participate in settlement negotiations to be conducted by the Court. Counsel are encouraged to instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

                    BY THE COURT:

                    s/ *Robert J. Colville*
                    Robert J. Colville
                    United States District Judge

Dated: June 3, 2024
cc: all counsel of record